Laurie E. Rosen [LR2443]
LAW OFFICES OF LAURIE E ROSEN
888 Grand Concourse, Suite 1H
Bronx, New York 10451
718-618-7516

14 CV 2931

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CASSANDRA CANADA,
INEICE CAIN and
JOHN WERTS,

                                        Plaintiffs,

                    - against -

CITY OF NEW YORK and POLICE OFFICER TERRY MILL,
(SHIELD NUMBER 007421), in his individual and official
capacity, POLICE OFFICERS JOHN DOE 1 – 12 in their
individual and official capacities,

                                        Defendants.

---------------------------------------------------------------------X

COMPLAINT

PLAINTIFF
DEMANDS A
TRIAL BY JURY

ECF CASE

RECEIVED
CV
APR 25 2014
U.S.D.C.
CASHIERS N.Y.

## PARTIES, JURISDICTION and VENUE

1.      Plaintiff, CASSANDRA CANADA, is a 51 year old female, who, at all times relevant to this action, was a resident of Bronx County, New York.  Plaintiff, INEICE CAIN is an 18 year old female, who, at all times relevant to this action, was a resident of Bronx County, New York.  Plaintiff, JOHN WERTS, is a 50 year old male, who, at all times relevant to this action, was a resident of New York County, New York.

2.      Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  Defendant NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.      Upon information and belief, Defendants POLICE OFFICER TERRY MILL,

SHIELD NUMBER 007421 was at all relevant times an officer with the NYPD assigned to Bronx Narcotics located in Bronx County. All actions by Defendant POLICE OFFICER TERRY MILL, complained of herein were taken in the course of his employment and under color of law. Defendant POLICE OFFICER TERRY MILL is being sued in both his individual and official capacities.

4.     Upon information and belief, Defendants POLICE OFFICERS JOHN DOE 1-12 were at all relevant times police officers with the NYPD assigned to Bronx Narcotics. All actions by Defendants POLICE OFFICERS JOHN DOE 1-12 complained of herein were taken in the course of their employment and under color of law. Defendants POLICE OFFICERS JOHN DOE 1-12 are being sued in both their individual and official capacity.

5.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically, 28 U.S.C. § 1343.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7.     A Notice of Claim was timely served upon the Defendant NYC on June 27, 2012, within ninety days of the statutory date of accrual for the state claims herein. 50-h hearings were held on October 4, 2012.

## FACTS GIVING RISE TO THE CLAIMS

8.     On June 23, 2011, at approximately 6:00 a.m., CASSANDRA CANADA, INEICE CAIN (then a 16 year old high school student) and JOHN WERTS were asleep inside of 535 Havemeyer Avenue, Apartment 4G, Bronx, New York, the residence of Plaintiffs Canada and Cain.

9.     At that time, Defendants POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1-12, all assigned to the Bronx Narcotics Unit, without announcing

their presence, forcibly entered the location by knocking down and damaging the front door. Upon entering, with weapons drawn and pointed at Plaintiffs, the officers forcibly and physically removed each plaintiff from the bed in which they slept to the floor of the location.

10.     After being physically restrained and handcuffed, Plaintiffs WERTS and CANADA informed Defendants MILL and DOE 1-12 that Plaintiff WERTS did not live in the location and was merely an overnight visitor.

11.     Plaintiff WERTS informed Defendants MILL and DOE 1-12 that he was having chest pains and required his blood pressure medication but Defendants MILL and DOE 1-12 refused to allow Plaintiff WERTS access to his medication. A short time later, Defendants MILL and DOE 1-12 placed Plaintiffs CANADA, WERTS and CAIN under arrest. Defendants MILL and DOE 1-12 denied Plaintiffs timely access to bathroom facilities causing Plaintiff WERTS to defecate on himself.

12.     On June 24, 2011, at approximately 1:00 a.m. in Bronx County Criminal Court Plaintiff CAIN was arraigned and released on her own recognizance, with directions to appear in court on June 28, 2011. On June 24, 2011, at approximately 12:30 p.m. in Bronx County Criminal Court Plaintiff CANADA was arraigned and released on her on recognizance, with directions to appear in court on June 28, 2011. On June 24, 2011, at approximately 12:30 p.m. in Bronx County Criminal Court Plaintiff WERTS was arraigned and released on his own recognizance. Plaintiff Werts was also directed to appear on June 28, 2011.

13.     At their arraignment, the Plaintiffs learned that in a Criminal Court Complaint sworn to by Defendant POLICE OFFICER TERRY MILL, they were charged with Criminal

Possession of a Controlled Substance in the Seventh Degree, Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana based upon an allegation that: " [Defendant MILL] stated he observed [plaintiffs CANADA and WERTS] in the rear left bedroom and [plaintiff CAIN] in the rear right bedroom of the location. [Defendant MILL] stated he observed [Plaintiffs] to have in their custody and control in the rear left bedroom, one straw containing a white powdery substance on the television counter and four ziplock bags, each containing a dried green leafy substance."

14.     In fact, on June 23, 2011, at approximately 6:00 a.m., when Defendant MILLS and DOE 1-12 entered and searched 535 Havemeyer Avenue, Apartment 4G, no white powdery or green leafy substances were present in the location.

15.     Following her release from custody at 1:00 a.m., Plaintiff CAIN (then a 16 year old minor) had no money or means to return home and was not given an opportunity to call an adult to assist her.

16.     Following his release from custody, Plaintiff WERTS immediately called 911 requesting medical attention.  From the Bronx County Criminal Court, Plaintiff WERTS was transported via ambulance to Montefiore Medical Center and admitted to the hospital until his release on July 18, 2011.  On July 8, 2011, he under went Implantable Cardioverter Defibrillator surgery for Congestive Heart Failure and Dilated Cardiomyopathy.  He further required Resynchronization Therapy.

17.     While in custody, Plaintiff CANADA, a diabetic, was repeatedly denied access to her diabetes medication by Defendants MILLS and DOE 1-12, resulting in a substantial drop in her blood sugar causing her to become weak, to convulse and to vomit.

18.     Plaintiffs CANADA, CAIN and WERTS returned to court on the following

allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25.     By initiating, swearing falsely in furtherance of and pursuing criminal charges in the absence of probable cause and with actual malice, Defendant POLICE OFFICER TERRY MILL and Defendants POLICE OFFICERS JOHN DOE #1 – 12, individually and acting together, engaged in a malicious prosecution of the Plaintiffs.

26.     By reason thereof, Defendants POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 - 12 violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## THIRD CLAIM

27.     Pursuant to Rule 10(c), Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 26 of the Complaint as if incorporated and reiterated herein.

28.     By the actions described above, POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 -12 engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused physical injury and emotional distress to Plaintiffs.

29.     The acts and conduct of POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 -12 was the direct and proximate cause of physical injury and damage to Plaintiffs.

30.     By reason thereof, POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 -12, intentionally caused Plaintiffs to suffer physical injuries, emotional

distress, mental anguish, economic damages and the loss of their constitutional rights.

31.     By reason thereof, and because POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 -12 acted within the scope of their duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FOURTH CLAIM

32.     Pursuant to Rule 10(c), Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 31 of the Complaint as if incorporated and reiterated herein.

33.     NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiffs, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiffs herein.

34.     NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiffs and yet allowed POLICE OFFICER TERRY MILL and POLICE OFFICERS JOHN DOE 1 -12 to continue in their positions as police officers.

35.     The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiffs from sustaining the injuries that they suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

36.     By reason thereof, Defendant NYC has violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and,

vi)     Such other relief as the Court deems just and proper.

Dated: New York, New York
       April 21, 2014

LAW OFFICE OF LAURIE E. ROSEN
Attorneys for Plaintiff

By: _____
Laurie E. Rosen [LR2443]
888 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 618-7516