```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 12, 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CASSANDRA CANADA, et al.,

       Plaintiffs,

  - against -

THE CITY OF NEW YORK, et al.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Civ. 2931 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Cassandra Canada, Ineice Cain, and John Werts sued the City of New York and Detective Terry Mill for damages arising out of their alleged unlawful arrest. The Court endorsed a stipulation and order dismissing all claims brought by Canada and Cain. (Dkt. 17.) Now, leaving only Werts's claims.

Werts died February 24, 2015, though the City did not learn of his death until Werts failed to appear for a mandatory mediation meeting in May. (Dkt. 11 at 1.) On July 14, 2015, the City filed a Suggestion of Death Upon the Record Under Rule 25(a)(1), which informed plaintiffs' counsel of Werts's death and "request[ed] that any motion for substitution of a proper party be timely made within [90] days of [July 14, 2015]," that is by October 13, 2015. (*Id.* at 2.)

No such motion was timely filed, nor did counsel request an extension. On October 20, 2015, the City filed a letter motion noting that the 90-day period had lapsed and that plaintiffs' counsel had neither filed a motion for substitution nor requested an extension. (Dkt. 21 at 1–2.) The City requested that the Court dismiss Werts's claims. (*Id.* at 2.) Plaintiffs' counsel responded

1

the next day, arguing that the City's suggestion of death was premature and requesting an extension of time within which to file a substitution motion. (Dkt. 22.)

Rule 25(a)(1) states that the Court must dismiss the action of a deceased party, if a motion for substitution is not made within 90 days after service of a suggestion of death. Fed. R. Civ. P. 25(a)(1).[1] The rule is mandatory ("*must* be dismissed"), *id.* (emphasis added), though courts may permit an extension of the 90-day period, *see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

Plaintiffs' counsel argues that her request for an extension was filed within Rule 25(a)(1)'s 90-day period because she did not receive "documented proof of death in the form of an official Death Certificate" until August 12, 2015. This argument misses the point. The 90-day period runs from the service of a suggestion of death, not from counsel's receipt of proof of death. *See id.*[2] The City's suggestion of death notified counsel of Werts's death and of the commencement of the 90-day period for making a substitution motion. (Dkt. 11.) That is sufficient to trigger Rule 25(a)(1)'s 90-day period. *See id.* (rejecting the argument that a suggestion of death must be filed after the party's estate is probated and a representative is selected).

Plaintiff's counsel failed to file a motion or request for an extension within Rule 25(a)(1)'s 90-day period. Accordingly, counsel's request for an extension is untimely. *See id.*; *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008). Neither counsel's late receipt of

---

[1] Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

[2] The Court notes that this rule is substantially more lenient than older versions of the rule, wherein the period ran from the date of death, regardless whether counsel, the other parties, or the court even knew the party had died. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–470 (2d Cir. 1998).

2

Werts's death certificate nor her difficulty in locating an administrator for Werts's estate excuse her failure to request an extension of time within the 90-day period. Those circumstances may have justified an extension, but they do not excuse the untimeliness of counsel's request. *Cf.* Fed. Rule Civ. P. 6(b)(1)(B) (permitting extension of time after time has expired "if the party failed to act because of excusable neglect").

The Court DENIES plaintiffs' motion for an extension and GRANTS the City's motion to dismiss. The Clerk is directed to terminate the motions at Dkt. Nos. 19, 20, 23 and to terminate the action.

Dated: New York, New York
       November 12, 2015

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge